KLEPPER, APPELLEE AND CROSS-APPELLANT, *v.* OHIO BOARD OF REGENTS ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Klepper v. Ohio Bd. of Regents (1991), 59 Ohio St. 3d 131.]

(No. 90-977—Submitted March 6, 1991—Decided May 1, 1991.)

*James C. McNamara,* for appellee and cross-appellant.

*Lee I. Fisher,* attorney general, *Lauren M. Ross, Christopher M. Culley* and *Gary E. Brown,* for appellants and cross-appellees.

DOUGLAS, J. Appellants' appeal challenges the judgment of the court of appeals with respect to the constitutionality of R.C. 3345.32(C), and appellee's cross-appeal seeks reversal of that portion of the judgment which upheld the constitutionality of R.C. 3345.32(D) and (E).

The court of appeals determined that R.C. 3345.32(C) violates the Equal Protection Clause of the Ohio Constitution[8] and that R.C. 3345.32(D) and (E)

[8] Section 2, Article I of the Ohio Constitution provides as follows:

"All political power is inherent in the

do not. For the following reasons, we hold that R.C. 3345.32(C), (D) and (E) do not violate the Equal Protection Clause of the Ohio Constitution.

R.C. 3345.32(C) provides that:

"A state university or college that enrolls in any course, class, or program a male student born after December 31, 1959 who has not filed a statement of selective service status with the university or college shall, regardless of the student's residency, charge him any tuition surcharge charged students who are not residents of this state."

R.C. 3345.32(C) affects a certain "class" or group of individuals consisting of all male Ohio residents born after December 31, 1959 who attend a state university or college and who fail to certify that they have registered with the selective service system as required by law. The members of this classification are subject to the tuition rate applicable to non-residents. R.C. 3345.32(C) has no impact on non-resident students attending a state university or college since non-resident students are subject to the out-of-state tuition rates whether or not they have registered with selective service. Further, R.C. 3345.32(C) has no impact on male Ohio residents who attend a university or college which is not state supported.

A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio Constitution if the classification is rationally related to a legitimate governmental interest. *Menefee* v. *Queen City Metro* (1990), 49 Ohio St. 3d 27, 29, 550 N.E. 2d 181, 182. R.C. 3345.32(C) involves neither a suspect class nor a fundamental right.

The purpose of R.C. 3345.32(C) is clear. R.C. 3345.32(C) is meant to encourage compliance with the federal selective service registration requirements. In our judgment, Ohio has a legitimate interest, as does any state, in helping to promote the objectives of the federal government in providing for a common defense. To the extent that a military draft would be necessary to ensure the safety of our country, each of the several states has a considerable stake in the maintenance of a readily available national military force to protect the country and the interests of the individual states. Thus, encouraging selective service registration is not only a federal interest, but is also a basis for legitimate state concern.

Having established that the underlying purpose of R.C. 3345.32(C) involves a legitimate state interest, we must next determine whether R.C. 3345.32(C) creates a classification which is rationally related to advancing that interest. *Menefee, supra*. R.C. 3345.32(C) affects all male Ohio residents born after December 31, 1959 who attend state universities or colleges and who fail to certify that they have registered with the selective service system as required by law. These individuals are subject to a higher, non-subsidized tuition rate. Thus, R.C. 3345.32(C) furthers Ohio's legitimate interests in encouraging compliance with the federal selective service registration requirements by denying Ohio residents the benefit of

people. *Government is instituted for their equal protection and benefit,* and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly." (Emphasis added.)

state-subsidized tuition rates for failure to comply with the federal law.

However, the court of appeals found that R.C. 3345.32(C) does not affect all *similarly situated* people in a similar manner since it does not affect Ohio residents who attend private institutions or non-residents who attend state-supported schools. Therefore, the court of appeals determined that the classification established by R.C. 3345.32(C) is not rationally related to the achievement of Ohio's legitimate interests. We disagree.

A statutory classification does not violate the Equal Protection Clause of the Ohio Constitution if it distinguishes individuals as dissimilar upon some logical basis. Non-residents who attend state-supported schools and Ohio residents who attend private institutions are not similarly affected by R.C. 3345.32(C) because these individuals normally do not enjoy the benefits of state-subsidized tuition rates. Thus, non-residents who attend state-supported schools and Ohio residents who attend private institutions may properly be excluded from the classification created by R.C. 3345.32(C) because they are not similarly situated to those who fall within the statutory classification.

Therefore, R.C. 3345.32(C) does treat all *similarly situated* individuals in a similar manner, and the classification is not unreasonable or arbitrary. For the foregoing reasons, we conclude that R.C. 3345.32(C) is rationally related to a legitimate governmental interest and, applying *Menefee,* we hold that R.C. 3345.32(C) does not violate the Equal Protection Clause of the Ohio Constitution.

R.C. 3345.32(D) and (E) provide as follows:

"(D) The Ohio student loan commission shall not make or guarantee a loan under Chapter 3351. of the Re-

vised Code to any male born after December 31, 1959 unless he has filed a statement of selective service status with the commission.

"(E) No male born after December 31, 1959 shall be eligible to receive any loan, grant, scholarship, or other financial assistance for educational expenses under section 3315.33, 3333.12, 3333.21, 3333.22, 3333.26, 3333.27, 5910.03, 5910.032, or 5919.34 of the Revised Code unless he has filed a statement of selective service status with the board of regents."

R.C. 3345.32(D) and (E) affect the same individuals affected by R.C. 3345.32(C)[9] and condition receipt of certain financial assistance benefits upon a student's compliance with the federal selective service system registration requirements. Our analysis regarding the constitutionality of R.C. 3345.32(C) applies equally to R.C. 3345.32(D) and (E), and, therefore, we hold that R.C. 3345.32(D) and (E) do not violate the Equal Protection Clause of the Ohio Constitution.

The final issue before us concerns the holding of the court of appeals that R.C. 3345.32(C) violates ·Section 32, Article II of the Ohio Constitution. Section 32, Article II prohibits the General Assembly from exercising any judicial power. The court of appeals determined that R.C. 3345.32(C) violates this prohibition by penalizing non-registrants without the benefit of a *criminal proceeding.* We do not agree that R.C. 3345.32(C) attempts to inflict punishment or impose a penalty by legislative fiat.

R.C. 3345.32(C) is meant to encourage compliance with federal law. The goals of R.C. 3345.32(C) are non-

---

[9] R.C. 3345.32(D) also affects some individuals which R.C. 3345.32(C) and (E) do not. See, *e.g.,* R.C. 3351.05(B) and (C).

punitive. Failure to comply with the selective service system registration requirements merely results in disqualification from the state-subsidized tuition rate. An Ohio resident who wishes to avoid the imposition of a tuition surcharge need only register with the selective service system. Thus, R.C. 3345.32(C) does not compel compliance with federal law and the consequence for failure to comply is limited to the imposition of a tuition rate reflecting the true value of the services provided by the institution of higher learning. Under these circumstances, we are unable to conclude that R.C. 3345.32(C) exacts a punishment or penalty. Rather, R.C. 3345.32(C) merely conditions qualification for a benefit upon compliance with federal law.

Accordingly, we hold that R.C. 3345.32(C) does not violate Section 32, Article II of the Ohio Constitution.

For the reasons stated herein, we affirm the judgment of the court of appeals in part, and we reverse it in part and reinstate the judgment of the trial court.

*Judgment affirmed in part
and reversed in part.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.