DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Max Carlton Jameson appeals the decision of the Lorain County Court of Common Pleas designating him to be a sexual predator. We affirm.
On November 14, 1996, Jameson pled guilty to five counts of felonious sexual penetration, in violation of R.C.2907.12(A)(1)(b), and five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Jameson was referred for a pre-sentence evaluation and report. On January 31, 1997, the trial court conducted a sexual predator hearing pursuant to R.C.2950.09. On the same date, the trial court sentenced Jameson for his sex crimes.
The sole witness testifying at the hearing was Detective Mark J. Carpentiere, who investigated Jameson's crimes. Carpentiere testified that Jameson admitted to victimizing M when she was five years old, and D when she was two years old. Carpentiere recounted that Jameson admitted that he had touched M, "touched her vagina and inserted his finger into her vagina." Further, Jameson admitted to Carpentiere that "he would remove his clothing and her clothing and he would lay on top of her and rub his penis on her body." Carpentiere testified that Jameson told him that he did these things about once a week, to M from December, 1995 through February, 1996; and to D from October, 1995 through January, 1996. At the time of the offenses, Jameson was married to a woman who baby-sat the victims. Jameson offered no testimony at the hearing.
In its judgment entry resolving the matter, the trial court stated:
 In its determination, The Court notes that although this Defendant has a prior criminal record, the prior convictions do not involve sex offenses (see PSI). The Court does consider the nature of the offenses in the current Indictment. This Court finds that the victims are preschool children and that there are multiple victims. This Court further finds that five counts involve sexual conduct and that Defendant has demonstrated a pattern of sexual abuse over a period of time. This Court further finds that Defendant, as a babysitter, was in a position of authority over these victims.
 Therefore, after reviewing all evidence and factors in R.C. 2950.09(B)(2), this Court finds the Defendant should be classified a sexual predator[.]
Jameson appeals, assigning five errors.
 I.
Jameson's first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO FIND O.R.C. 2950.09
UNCONSTITUTIONAL AS AN EX POST FACTO LAW AND AS BEING CONTRARY TO THE DOUBLE JEOPARDY CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS AND BEING CONTRARY TO STATUTE, O.R.C. 1.58.
Upon release from prison, a sexual predator is required to register with the county sheriff where he resides or is temporarily domiciled, R.C. 2950.04, and then to verify his residential address every ninety days thereafter. R.C.2950.06(B)(1). A sexual predator must fulfill these requirements for the rest of his life, or until such time as he is designated no longer to be a sexual predator. R.C. 2950.07(B)(1). The sheriff, in turn, must notify neighbors of the sexual predator, along with certain other persons in the community, of his presence. R.C. 2950.10 and 2950.11. R.C. 2950.04, 2950.06,2905.10, and 2905.11 were enacted as part of Am.Sub.H.B. No. 180 and became effective on July 1, 1997.
In State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 5-12, this court held that, as applied to offenders whose acts preceded the establishment of the registration and notification provisions, R.C. 2950 violates neither the ex post facto provision of the United States Constitution nor the retroactivity provision of the Ohio Constitution. We overrule Jameson's assignment of error as to those issues on the authority of Kimble.
Jameson also argues that R.C. 2950 imposes new and multiple criminal punishments for the same offense, in violation of the double jeopardy provisions of the United States Constitution and the Ohio Constitution.[1] Because Jameson did not raise the double jeopardy issue before the trial court, he has waived the issue and this court need not address it on appeal. State v. Awan
(1986), 22 Ohio St.3d 120, syllabus.
Nevertheless, we note that in Kimble we decided that the registration and notification provisions of R.C. 2950 do not constitute criminal punishment within the meaning of the ex post facto clause. Essentially the same analysis is used to determining whether a sanction constitutes a criminal penalty for purposes of a double jeopardy challenge. State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970282 and C-970283, unreported, discussing Hudson v. United States (1997), ___ U.S. ___,139 L.Ed.2d 450 and Kansas v. Hendricks (1997), 521 U.S. ___,138 L.Ed.2d 501. Therefore, were we to entertain Jameson's double jeopardy challenge to R.C. 2950 as violating double jeopardy protections, we would nevertheless uphold the statute because its registration and notification provisions do not constitute a criminal punishment and hence do not add to other criminal punishments meted out to the defendant. Jameson also argues that the amendments to R.C. 2950 that became effective on January 1, 1997 violate R.C. 1.58(A)(3) and (4) by affecting the "penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal." Jameson did not raise this argument before the trial court; we need not, therefore, address it on appeal. See Thatcher v. Goodwill Inds. of Akron (Jan. 2, 1997), Summit App. No. 17817, unreported, at 12. Were we to address it we doubt that we would find error. See State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA 97-03-025. Jameson's first assignment of error is overruled.
 II.
Jameson's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO FIND O.R.C. 2950.09 TO BE AN UNCONSTITUTIONAL DENAIL [sic] OF DUE PROCESS, EQUAL PROTECTION AND FUNDAMENTAL FAIRNESS OF THE LAW.
Because Jameson raised none of these issues before the trial court, he has waived them and this court need not address them on appeal. State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Were we to address the merits of these issues, we would nevertheless overrule this assignment of error.
Jameson points out that, on its face, R.C. 2950.09(C)(1) subjects to adjudication only qualified persons who are serving a term of imprisonment; the section does not apply to otherwise qualified persons who are no longer serving a term of imprisonment.[2] See State v. Brewer (Jan. 12, 1998), Clermont App. No. CA 97-03-030, unreported (expressing "exasperation" over this statutory distinction). Jameson argues that this distinction in treatment violates the equal protection provisions of the United States Constitution and the Ohio Constitution.[3]
"A statutory classification that involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clauses of the Ohio and United States Constitutions if the classification is rationally related to a legitimate governmental interest." State v. Swarey (April 9, 1997), Wayne App. No. 96CA0037, at 3, citing Klepper v. Ohio Bd. of Regents
(1991), 59 Ohio St.3d 131, 133. Jameson does not explain how being a prisoner places him into a "suspect class" for equal protection purposes, and indeed it does not. Statev. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636.
Jameson contends that being adjudicated a sexual predator impinges on a fundamental right and therefore should be subjected to strict scrutiny by a reviewing court. See Sorrell v. Thevenir
(1994), 69 Ohio St.3d 415, 424-425. The fundamental right he identifies is his right to privacy. In State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported, the First District Court of Appeals cogently explained that with respect to equal protection and substantive due process issues, courts have held the right to privacy to be fundamental only in the context of marriage, sex, and reproduction. Courts have not found damage to reputation, which one speculates may result from R.C. 2950.09's registration and notification provisions, to be a fundamental interest triggering strict scrutiny. Id.
As R.C. 2950.09(C)(1) involves neither a suspect class nor a fundamental right, we turn to examining whether the provision is rationally related to a legitimate governmental interest. We agree with the court in Lance that the protection of the public from sex offenses is a legitimate governmental interest, which is clearly advanced by the registration and notification requirements accompanying a sexual predator finding. Id. The possibility that some persons who would otherwise qualify as sexual predators will not be so classified solely because they are not imprisoned does not vitiate the rational relationship between the statute and the governmental interest it serves. It is administratively convenient to limit the scope of the law to persons currently under the control of the penal system. Over time, as sexual predator hearings are conducted routinely for new sexual offenders, the sub-class of those who, but for not being incarcerated, would be eligible for determination as sexual predators will disappear. The statutory distinction Jameson challenges survives equal protection analysis.
R.C. 2950.09(B)(3) mandates that "the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." Jameson claims that the statute deprives him of due process of law by shifting to him the burden of proving by clear and convincing evidence that he is unlikely to commit a sexually oriented offense in the future. We agree with the Tenth District Court of Appeals that it is obvious that the burden of proof rests upon the state. Chappell, supra.
Jameson also asserts baldly that the statute denies him due process of law because it "provides for a burden of proof, i.e., clear and convincing evidence, that is impermissibly lower than proof beyond a reasonable doubt which is the standard in all other criminal proceedings." This court may disregard assignments of error for which an appellant fails to provide argument or cite legal authorities. App.R. 12(A)(2) and 16(A)(7). There is nothing to appellant's assertion, however, because the sexual predator designation is not a criminal offense of which a person stands accused. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, at 12-13.
Jameson's second assignment of error is overruled.
 III.
Jameson's third assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELANT [sic] WHEN IT FAILED TO FIND O.R.C. 2950.09 TO BE UNCONSTITUTIONALLY VAGUE, THEREBY DENYING APPELLANT DUE PROCESS OF LAW.
Jameson contends that R.C. 2950.09(B) and (C) violate the due process clause of the Fourteenth Amendment of the United States Constitution because they are vague in that they fail "to provide specific guidance to courts that must determine whether or not an inmate is a sexual predator."[4] We disagree.
The Ohio Supreme Court discussed vagueness in State ex rel.Rear Door Bookstore v. Tenth District Court of Appeals, (1992),63 Ohio St.3d 354. The Supreme Court stated in part:
 [The concept of vagueness] implies that a statute must be written so that a man of common intelligence can ascertain what conduct is prohibited, and that the law must provide sufficient standards to prevent arbitrary and discriminatory enforcement. Connally v. General Construction Co. (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; Coates v. City of Cincinnati (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214; Papachristou v. City of Jacksonville
(1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110.
 However, a statute is not void for vagueness merely because it could have been more precisely worded. Roth v. United States (1957), 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. The legislature need not define every word of a statute. Words of ordinary usage will be given the meaning commonly attributed to them. State v. Loless (1986), 31 Ohio App.3d 5, 31 OBR 19, 507 N.E.2d 1140, citing State v. Dorso
(1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449. Mathematical certainty is not required. "* * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. * * *" Jordan v. De George (1951), 341 U.S. 223, at 231-232, 71 S.Ct. 703, at 708, 95 L.Ed. 886, at 892.
Rear Door Bookstore, 63 Ohio St.3d at 358; see, also, State exrel. Montgomery v. Pakrats Motorcycle Club, Inc. (Feb. 26, 1997), Wayne App. Nos. 96CA0020 and 96CA0045, unreported, at 12-13.
A statute is presumed constitutional; a challenger must establish the contrary beyond a reasonable doubt. State ex rel.Richard v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1994), 69 Ohio St.3d 409, 413. Because the challenged statute does not implicate First Amendment freedoms, Jameson must prove beyond a reasonable doubt that the "enactment is impermissibly vague in all of its applications." Village ofHoffman Estates v. The Flipside, Hoffman Estates, Inc. (1982),455 U.S. 489, 495, 71 L.Ed.2d 362, 369. A person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Id. at 494-495, 71 L.Ed.2d at 369. Where a court finds that the complainant's conduct fell within the statute's proscriptions, the complainant may not then rely upon hypothetical situations to demonstrate the unconstitutional vagueness of the statute. Statev. Echols (Mar. 15, 1995), Montgomery App. Nos. 14457, 14460, 14373, 14679, 14637, and 14639, unreported.
Jameson does not argue that his conduct — multiple counts of felonious sexual penetration and gross sexual imposition, with young children as victims — does not fall within the conduct aimed at by the sexual predator statute.[5] Therefore, his vagueness challenge fails. In any case, we agree with Ohio appellate courts that have found R.C. 2950.09(B) and (C) not to be unconstitutionally vague. See, e.g., State v. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported;State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported. Jameson's third assignment of error is overruled.
 IV.
Jameson's fourth assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO FIND O.R.C. 2950.09 VIOLATED APPELLANT [sic] AS WELL AS APPELLANT'S FAMILY [sic], RIGHT TO PRIVACY.
Jameson argues that the sexual predator classification and community notification procedures violate his rights to privacy and travel, and his freedom of association.[6] Jameson also laments the public ridicule and scorn he thinks will be suffered by his family, friends, and neighbors as a result, and questions whether the goals of rehabilitation and reintegration are thus served.[7] Jameson despicably equates his plight — as a sexual offender, duly determined to be the sort of menace about whom the police and community should be warned — with the stigma backward elements of our society attach to AIDS victims.
As stated above, courts have held the right to privacy to be fundamental only in the context of marriage, sex, and reproduction. State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported. Courts have not found damage to reputation, which one speculates may result from R.C. 2950.09's registration and notification provisions, to be a fundamental interest triggering strict scrutiny. Id. We have also explained above that the registration and notification provisions of the sexual predator statute are reasonably related to a legitimate state objective. Jameson's fourth assignment of error is overruled.
 V.
Jameson's fifth assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND THE APPELLANT TO BE A SEXUAL PREDATOR EVEN THOUGH NO TESTIMONY WAS PRESENTED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Jameson argues that the trial court erred in finding, by clear and convincing evidence, that he is a sexual predator when no evidence was presented indicating that he was likely to engage in the future in sexually-oriented offenses.
The trial court noted that Jameson's prior criminal record did not involve sex offenses. However, in determining whether an offender should be classified as a sexual predator, the trial court must consider all relevant factors, including a list of ten factors enumerated in the statute. See note 5, supra. Three of those ten were implicated in the trial court's summary of the evidence against Jameson: the young age of the victims, the fact of multiple victims, and the fact that Jameson's conduct was part of a demonstrated pattern of abuse. In view of these undisputed facts and Jameson's guilty pleas to ten sex offenses, we cannot disturb the trial court's finding that clear and convincing evidence supported its determination that Jameson is a sexual predator. Jameson's fifth assignment of error is overruled.
Each of Jameson's five assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.
[1] Fourteenth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution.
[2] R.C. 2950.09(C)(1), which provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator.
[3] See the Fourteenth Amendment, United States Constitution and Section 2, Article I, Ohio Constitution. These provisions employ nearly identical standards. Sorrell v. Thevenir (1994),69 Ohio St.3d 415, 424.
[4] In his vagueness discussion, Jameson re-asserts his groundless proposition that the statute fails to allocate the burden of proof.
[5] "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The definition of "sexually oriented offense" includes, but is not limited to, the crimes for which Jameson was convicted. See R.C.2950.01(D)(1). In determining whether an offender is a sexual predator, the judge is to consider:
(a) The offender's age;
 (b) The offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence [was] imposed;
 (d) Whether the sexually oriented offense for which sentence [was] imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence [was] imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C)(2) and 2950.09(B)(2).
[6] Jameson did not raise before the trial court the issues of right to travel or freedom of association. Hence these issues are waived. Were they not waived, we would disregard them anyway on the grounds that he provides no argument or authority in support of them.
[7] It is not clear from his brief whether Jameson is asserting the privacy rights of these other persons. Quite apart from the speculative nature of the injuries Jameson alleges, he has no standing to assert the privacy rights of other persons.