Defendant Anthony Hogan appeals from the determination of the trial court that he is a sexual predator. For the reasons set forth below, we affirm.
On March 23, 1994, defendant was indicted for three counts of forcible rape of a child under the age of thirteen. Defendant pleaded not guilty. The state and defendant later entered into a plea agreement whereby the force language was deleted from the first count of the indictment and the remaining counts were nolled. Defendant then pleaded guilty to count one. On November 15, 1994, defendant was sentenced to a term of seven to twenty-five years imprisonment.
In January 1997, the first phase of H.B. 180 became effective and mandated sentencing courts to determine whether sex offenders were sexually oriented offenders, habitual sex offenders, or sexual predators. R.C. 2950.09. In November 1997, acting pursuant to R.C. 2950.09, the Ohio Department of Rehabilitation and Correction referred this matter to the trial court for a sexual predator hearing. At this time, defendant remained incarcerated on the charges. On July 1, 1997, the registration and notification provisions of H.B. 180 became effective. R.C. 2950.04, .05, .06, .10, and .11. Thereafter, on August 18, 1997, the trial court determined that defendant was a sexual predator. Defendant now appeals and assigns eleven errors for our review.
Defendant's first assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
Within this assignment of error, defendant complains that because the sexual predator proceedings apply to conduct which occurred before the changes in R.C. Chapter 2950 became effective, such proceedings are unconstitutional ex post facto law and retroactive legislation.
In State v. Cook (1998), 83 Ohio St.3d 404, 410-414, the Supreme Court rejected the claim that the sexual predator determination scheme set forth in R.C. 2950.09 constitutes retroactive legislation. Rather, the court determined that the registration, verification and notification provisions were remedial in nature and therefore did not violate the ban on retroactive legislation set forth in the Ohio Constitution.
The Cook court also observed that the prohibition against ex post facto legislation set forth in the Constitution of the United States applies only to criminal statutes and, the court determined, R.C. Chapter 2950 "serves the solely remedial purpose of protecting the public." Id., 423. Accord State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___.
By application of the foregoing, we likewise reject the contention that the challenged portions of R.C. Chapter 2950 are unconstitutional retroactive and ex post facto legislation. Defendants first assignment of error is without merit.
Defendant's second assignment of error states:
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Defendant next asserts that the trial court erred in considering defendants future behavior in relation to information contained in the pre-sentence report which cannot be cross-examined.
Preliminarily, we note that in State v. Ward, supra, this court held that R.C. 2950.09 comports with procedural due process because it protects the offenders right to a hearing, with notice and opportunity to be heard.
As to the form of the hearing, the Ward court "emphasized its disagreement in principle with any argument that an offenders prior convictions, standing alone, cannot be clear and convincing evidence that an offender is likely to engage in the future in one or more sexually oriented offenses as required by R.C. 2950.09(B)(3) ."
Further, the Cook court held that pursuant to Evid.R. 101(C), various proceedings, including proceedings for sentencing are excepted from application of the rules of evidence, including the hearsay rule. State v. Cook, supra, at 425. "[Reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Id.; State v. Ward, supra. Accord State v.Shaddoan (July 24, 1998), Hamilton App. No. C-970502, unreported. (A trial court may properly rely on information contained in a presentence investigation report at a hearing to determine an offenders sexual predator status). Moreover, in State v. Hargis (Feb. 11. 1999), Cuyahoga App. No. 72540, unreported, this court stated:
 The offender has the opportunity to present his own evidence and counter any erroneous information in the pre-sentence report. See State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970282, 970283, 970301, unreported. Appellant chose not to present evidence in this case. Appellants right to confront witnesses was not violated.
Id.
In accordance with the foregoing, we are unable to conclude that the trial court erred in considering the pre-sentence report and defendants second assignment of error is therefore overruled.
Defendant's third assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Next, defendant maintains that because the state must prove by clear and convincing evidence that an offender is "likely to" commit an offense in the future in order to prove that the offender is a sexual predator, R.C. 2950.01(E); R.C. 2950.09(B)(3), it is insufficient as a matter of law to simply present "old conviction data.
A previous conviction for a sexually oriented offense does not ipso facto provide a basis for a sexual predator adjudication. SeeState v. Hicks (June 26, 1998), Hamilton App. No. C-970533, unreported; State v. Neblett (Aug. 21, 1998), Hamilton App. No. C970541, unreported. The definition of sexual predator as set forth in R.C. 2950.01(E) and the factors to be considered by the court in R.C. 2950.09(B)(2), require the court to consider an offenders propensity to engage in sexually oriented behavior in the future. The state is required to establish an offender's future propensity by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Crossv. Ledford (1954), 161 Ohio St. 469, 477.
R.C. 2950.09 sets forth an extremely detailed, non-exhaustive list of factors which the legislature deemed "relevant" to the sexual predator determination hearing. Significantly, this statute requires the judge to consider, inter alia, the nature of the conduct, whether it is part of a pattern of abuse, whether it involved cruelty, and any other additional behavior characteristics which contributed to the offender's conduct. See R.C. 2950.09(B)(2). In formulating these factors, the legislature determined that "[s]exual predators and habitual sex offenders pose a high risk of engaging in further offenses * * *." R.C. 2950.02.
The statute, with its factors for evaluating an offense, enjoys a presumption of constitutionality. State ex rel. Dickmanv. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. Moreover, the statutory factors provide a thorough framework of analysis of the offense and we are unable to conclude that adherence to this framework is insufficient as a matter of law to permit the state to prove by clear and convincing evidence that an offender is a sexual predator.
In this instance, the presentence report was read at the first phase of the sexual predator hearing but the trial court stated that the report "simply refreshes the Court's memory, which is very clear as to what took place at the plea and sentencing[.]" Tr. 27. The information presented to the trial court indicated that on February 25, 1994, defendants wife came home from work and found defendant engaging in sexual intercourse with her ten-yearold daughter. She then observed semen on the girl's stomach. Further investigation revealed that defendant had been sexually abusing the girl for the past five years and had threatened to harm the girls mother if she told anyone what had happened. Defendant reportedly held a pillow over the girls head when she screamed in pain. Defendant did not present evidence.
In accordance with the foregoing, and with particular regard to the nature of the conduct, whether it was part of a pattern of abuse, and whether it involved cruelty, we are unable to conclude that the trial court erroneously determined that defendant is a sexual predator. The record indicates a long-standing pattern of abuse which only terminated when defendant was apprehended and manifests a cruel indifference to the girls pain. It further demonstrates that defendant is sexually gratified by conduct with a child and that he repeatedly used his authority over the child to obtain sexual gratification until he was finally caught.
The third assignment of error is overruled.
Defendant's fourth assignment of error states:
 APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
Defendant next asserts that R.C. 2950.09 violates the constitutional mandate of equal protection since it applies to the class of prior offenders who are still serving their sentences as of July 1, 1997, but does not apply to prior offenders who have completed their sentences as of this date.
In State v. Ward, supra, this court held that the registration and notification provisions of R.C. Chapter 2950 "do not implicate fundamental rights in a manner that would subject the sexual predator law to strict scrutiny." This court further observed that in order to withstand an equal protection challenge, the subject classification must have reasonable grounds. In finding such reasonable grounds present, the Ward court stated:
 The General Assembly, having invoked the general welfare of the citizenry and faced with a potential multitude of sexual offenders currently imprisoned or released from imprisonment, could rationally conclude that separating current inmates from released offenders would facilitate the logistical task of identifying and forwarding to the court offenders who might qualify as sexual predators.
Similarly, in State v. Jameson (April 22, 1998), Lorain App. No. 97CA006704, unreported, the court stated as follows:
 "A statutory classification that involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clauses of the Ohio and United States Constitutions if the classification is rationally related to a legitimate governmental interest." State v. Swarey (April 9, 1997), Wayne App. No. 96CA0037, at 3, citing Klepper v. Ohio Bd. of Regents (1991), 59 Ohio St.3d 131, 133, 570 N.E.2d 1124. Jameson does not explain how being a prisoner places him into a "suspect class" for equal protection purposes, and indeed it does not. State v. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636.
* * *
 As R.C. 2950.09(C)(1) involves neither a suspect class nor a fundamental right, we turn to examining whether the provision is rationally related to a legitimate governmental interest. We agree with the court in [State v.] Lance [(Feb. 13, 1998), Hamilton App. No. C-970283, unreported] that the protection of the public from sex offenses is a legitimate governmental interest, which is clearly advanced by the registration and notification requirements accompanying a sexual predator finding. Id. The possibility that some persons who would otherwise qualify as sexual predators will not be so classified solely because they are not imprisoned does not vitiate the rational relationship between the statute and the governmental interest it serves. It is administratively convenient to limit the scope of the law to persons currently under the control of the penal system. Over time, as sexual predator hearings are conducted routinely for new sexual offenders, the sub-class of those who, but for not being incarcerated, would be eligible for determination as sexual predators will disappear. The statutory distinction Jameson challenges survives equal protection analysis.
Likewise, in State v. Hargis, supra, this court rejected an equal protection challenge to H.B. 180. In that case, the court held:
 Those offenders currently in the system are considered the most dangerous to the public. See State v. Nicholas (April 6, 1998), Warren App. No. CA97-05-045, CA97-04-035, CA97-05-040. CA97-05-046, CA97-05-052, CA97-04-036, CA97-05-044, CA97-05-047, unreported. Although all past sexual offenders may present a danger, the legislature may focus on the greatest danger. FCC v. Beach Communications, Inc. (1993), 508 U.S. 307, 316, 124 L.Ed.2d 211, 113 S. Ct. 2096.
 Another rationale for the distinction is that it would be administratively burdensome to locate and monitor all the past sex offenders living in Ohio. See State v. Ward (1994), 123 Wn.2d 515, 517, 869 P.2d 1062, 1076-1077. Also, the legislature may choose one date as the beginning point for legislation without violating the Fourteenth Amendment. See Sperry Hutchinson Co. v. Rhodes (1911), 220 U.S. 502, 505, 55 L.Ed. 561, 563, State v. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported. The application of the statute to offenders who are still serving a sentence has a rational relation to the objectives of the statute. H.B. 180 does not violate the equal protection clause.
In accordance with the foregoing, this assignment of error is without merit.
Defendant's fifth assignment of error states:
 APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Within this assignment of error, defendant complains that R.C.2950.09 impermissibly provides that those who are charged with a sexually violent predator specification on or after January 1, 1997 are entitled to have the specification proven beyond a reasonable doubt whereas those who are not so charged may be determined to be sexual predators by application of a "clear and convincing" evidence standard.
As an initial matter, it must be emphasized that a sexual predator adjudication is a civil proceeding that is unlike the criminal proceeding in which one may be charged with a sexually violent predator specification. See State v. Ward, supra; State v.Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported. Thus, the degree of proof necessary to establish criminal guilt is not necessary in a sexual predator adjudication.
In State v. Hargis, supra, this court rejected an equal protection challenge based upon the differing levels of proof and noted a rational basis for this distinction in proof. The court stated:
 The sexually violent predator specification subjects the defendant to more severe punishment, as well as automatic classification as a sexual predator. See R.C. 2971.03, 2950.09(A). Thus, there is a rational basis for requiring proof beyond a reasonable doubt that a defendant is a sexually violent predator, and requiring clear and convincing evidence that the defendant is a sexual predator. The equal protection clause prohibits different treatment only of those who are alike in all relevant respects. Zalud Oldsmobile Pontiac, Inc. v. Tracy (1996), 77 Ohio St.3d 74, 77.
 Appellant also asserts that the clear and convincing evidence standard violates due process. A sexual predator adjudication is a civil proceeding that is separate from the criminal proceeding in which a defendant is convicted and sentenced. E.B. Verniero (C.A. 3 1997), 119 F.3d 1077, 1111, State v. Gropp, supra, State v. Bradley (June 19, 1998), Montgomery App. No. 16662, 16664, unreported, State v. Newton (June 11, 1998), Franklin App. No. 97APA1O-1353, unreported, State v. Lance, supra. The beyond a reasonable doubt standard is not required in a civil proceeding. Id., Santosky v. Kramer (1982), 455 U.S. 745, 102 S. Ct. 1388, 71 L.Ed.2d 599. The clear and convincing evidence standard sufficiently protects the defendants due process rights in a sexual predator determination hearing. See Id.
Accord State v. Ward, supra, ("two separate classes of offenders exist, so there is a rational basis to distinguish between them")
By application of the foregoing, this assignment of error is without merit.
Defendant's sixth assignment of error states:
 H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
Within this assignment of error, defendant complains that because R.C. 2950.01 defines a sexual predator as an offender who is "likely" to commit an offense in the future, and because a clear and convincing standard is employed to assess probability, "[i]n essence, H.B. 180 absurdly asks a court to determine if it is highly probable that a mere probability exists that a future sex offense will occur."
Again, we note that this contention was raised and rejected inState v. Ward, supra. This court stated:
 The court is charged with determining the likelihood that an offender will commit a sexual offense in the future. The word "likely" has a common usage that suggests, as defendant agrees, something more probable than not. In other words, the court must consider whether it is probable that the offender, once released, from imprisonment, will commit another sexually oriented offense.
 This assessment of probability is both conceptually and practically distinct from the burden of proof. A "burden of proof" is the quantum of evidence placed on the party who is legally required to persuade a trier of fact that the party is entitled to some form of legal redress. In this case, the clear and convincing evidence standard required the state to present evidence that would give the court a firm belief or conviction that defendant was likely to commit another sexually oriented offense in the future.
 We find that it is not a logical inconsistency to show a probability of a future event by clear and convincing evidence. There is nothing vague about the clear and convincing standard of proof and it application to the issue of whether an offender is likely to commit another sexually oriented offense in the future.
Vagueness challenges have also been rejected in State v.Jameson, supra; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported; State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970283, unreported.
In accordance with the foregoing, we reject the vagueness challenge herein.
Defendant's seventh assignment of error states:
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
Defendant next complains that the sexual predator proceedings are in effect an unconstitutional bill of attainder which inflicts punishment without a trial.
The Bill of Attainder Clause prohibits:
 ". . . legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." (Emphasis added.)
United States v. Brown (1965), 381 U.S. 437, 448-49, 85 S.Ct. 1707,1715, 14 L.Ed.2d 484. In determining whether H.B. 180 violated retroactivity and ex post facto constitutional provisions, the Ohio Supreme Court has determined that H.B. 180 is remedial, not punitive. See State V. Cook, supra, at 418-423. The determination of what constitutes "punishment" is the same for ex post facto and bill of attainder analysis. See Artway v. Attorney General ofState of New Jersey (C.A.3 1996), 81 F.3d 1235, 1247.
Moreover in State v. Ward, supra, this court rejected the contention that the sexual predator proceedings constitute a bill of attainder and stated as follows:
 The provisions of R.C. Chapter 2950 are remedial, not punitive, in nature [and] the absence of any punitive element in R.C. Chapter 2950 necessarily precludes the statute from being an unconstitutional bill of attainder.
Accord State v. Goode (March 27, 1998), Miami App. No. 97-CA-14, unreported.
By application of the foregoing, this assignment of error is overruled.
Defendant's eighth assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
Defendant next complains that the sexual predator proceedings again place him in jeopardy for the same conduct which was the subject of the original indictment.
The double jeopardy clause is not implicated unless the additional sanction is "punishment." See Kansas v. Hendricks
(1997), 521 U.S. 346, 117 S.Ct. 2072. 138 L.Ed.2d 501.
As noted previously, the supreme court in State v. Cook,supra, determined that the sexual predator proceedings "serves the solely remedial purpose of protecting the public." Id., 423. Accordingly, we believe that the double jeopardy clause is not implicated and we reject this contention. Accord State v. Ward,supra; State v. Nuckles (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported; State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported; State v. Lance, supra; State v. Hargis,supra.
The eighth assignment of error is without merit.
Defendant's ninth assignment of error states:
 THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
Defendant next asserts that the notification provisions of R.C. Chapter 2950 violate an offenders constitutional right to privacy.
The right of privacy is not a fundamental right other than in the context of sexual, marital and reproductive matters. Albrightv. Oliver (1994), 510 U.S. 266, 271-272. To the extent that privacy interests exist in other contexts, courts must balance the individuals privacy interests against the publics need for information, considering the extent of exposure of the private information. See Whalen v. Roe (1977), 429 U.S. 589, 599. InState v. Cook, supra, the court stated:
As to the dissemination of information regarding the offenders status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders.
Moreover, in State v. Ward, supra, this court stated:
Notification requirements for criminal offenders do not violate any fundamental right to privacy. In Statev. Jones (1990), 49 Ohio St.3d 51, 53-54, the Supreme Court held that a person, by reason of a conviction, enjoys a reduced expectation of privacy; therefore substantive due process claims about the release of information concerning prior convictions have been routinely rejected.
In accordance with the foregoing, we are unable to conclude that the public notification provisions are unconstitutional. This assignment of error is therefore overruled. Accord State v. Gropp,supra; State v. Lance, supra.
Defendant's tenth assignment of error states:
 H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
Defendant maintains that the registration and notification provisions constitute cruel and unusual punishment.
The registration and notification provisions of H.B. 180 do not constitute punishment. State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, 281. See, also, State v. Cook, supra. The prohibition against cruel and unusual punishment is therefore not implicated. State v. Nuckles, supra; State v. Gropp, supra.
Accordingly, this assignment of error is without merit.
Defendant's eleventh assignment of error states:
 APPLICATION OF H.B. 180 TO APPELLANT WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11. SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Defendant next asserts that his guilty plea was not knowingly, voluntarily and intelligently made since he was not informed of the possibility that he could be designated a sexual predator in connection with the offenses alleged in the indictment.
In State v. Hill (July 24, 1998), Montgomery App. No. 16791, unreported, the court held that the registration and reporting requirements of R.C. Chapter 2950 are not punitive and are therefore not part of the penalty. Therefore, they do not need to be explained at a plea proceeding. Accord State v. Ward, supra,
("the consequences of the [sexual predator laws] were remedial, not criminal in nature; hence they were truly collateral to the underlying criminal offense as they imposed no further penalty on defendant" and did not nullify plea).
The eleventh assignment of error is overruled.
Defendant's twelfth assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Within this assignment of error, defendant complains that he was erroneously ordered to comply with the registration requirements of R.C. 2950.09 because he was convicted of the offenses which underlie his sexual predator classification in November 1994, and the registration requirements became effective in 1997.
In State v. Bellman (Feb. 20, 1998), Hamilton App. No. C-970169, unreported, the court held that R.C. 2950.04(A) imposes the duty to register upon three categories of offenders convicted of a sexually oriented offense: "(1) offenders who are released from incarceration after July 1, 1997; (2) offenders who are sentenced after July 1, 1997; and (3) offenders who have been classified as habitual sex offenders immediately prior to July 1, 1997." Accord State v. Cook, supra, at 410; State v. Moore
(February 19, 1998), Cuyahoga App. No. 71995, unreported; State v.Russell (April 3, 1998), Hamilton App. NO. C-970275, unreported.
In this instance, defendant was sentenced to a term of seven to twenty-five years imprisonment in November 1994. In November 1997, while defendant was still incarcerated, the Ohio Department of Rehabilitation and Correction initiated a sexual predator screening. It is clear that defendant is scheduled for release from prison after July 1, 1997, the effective date of the registration requirements and these requirements are therefore applicable to him. This assignment of error is accordingly without merit.
Defendant's thirteenth assignment of error states:
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
For his final assignment of error, defendant asserts that the trial court erroneously determined that the Rules of Evidence did not apply to the sexual predator hearing.
As we noted previously, pursuant to Evid.R. 101(C), various proceedings, including proceedings for sentencing are excepted from application of the rules of evidence, including the hearsay rule.State v. Cook, supra, at 425. Accord State v. Shaddoan, supra.
The court making the determination has the discretion to consider all evidence which is relevant as long as the evidence satisfies the basic standard of being reliable, substantive and probative.State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported.
The thirteenth assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PORTER. A.J. AND ROCCO. J., CONCUR.
ANN DYKE, JUDGE.