OPINION
Defendant O. Keith Smith appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which classified him as a sexual predator pursuant to R.C. 2950.09. Appellant assigns nine errors to the trial court: ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
THE APPLICATION OF OHIO REVISED CODE, SECTION 2950.01 ET SEQ. TO THE APPELLANT VIOLATES THE EX POST FACTO CLAUSE IN SECTION 10, ARTICLE I OF THE FEDERAL CONSTITUTION, AND SECTION 10 OF ARTICLE I
OF THE OHIO CONSTITUTION, ACCORD, SECTION 28 OF ARTICLE II OF THE OHIO CONSTITUTION.
ASSIGNMENT OF ERROR TWO
PROSECUTION AND PUNISHMENT UNDER OHIO REVISED CODE, SECTION2950.01 ET SEQ. VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THEFIFTH AMENDMENT, MADE BINDING ON THE STATE THROUGH THE DUE PROCESS CLAUSE TO THE FOURTEENTH AMENDMENT, WHERE BOTH PROSECUTION AND PUNISHMENT ARE COMPLETELY DETERMINED FROM THE ELEMENTS OF A PRIOR FINAL CRIMINAL JUDGMENT.
ASSIGNMENT OF ERROR THREE
THE IMPOSITION OF R.C. 2950.01 ET SEQ. RENDERS VOID THE REQUIREMENT OF FINALITY ACCORDED A PRIOR JUDGMENT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE TO THE FIFTH AMENDMENT, ACCORD: SECTION10, ARTICLE I OF THE OHIO CONSTITUTION.
ASSIGNMENT OF ERROR FOUR
AS APPLIED TO THE APPELLANT R.C. 2950.01 ET SEQ. DEMONSTRATES A BILL OF ATTAINDER PROHIBITED BY ARTICLE I, SECTION 9 AND 10, TO THE FEDERAL CONSTITUTION.
ASSIGNMENT OF ERROR FIVE
THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT IMPOSES THE DIRECTIVE THAT THE STATE CANNOT LEGISLATE EX POST FACTO LAWS. R.C.2950.01 ET SEQ., AS APPLIED TO THE APPELLANT, VIOLATES THE DUE PROCESS CLAUSE.
ASSIGNMENT OF ERROR SIX
THE APPELLANT WAS DEPRIVED OF A PROTECTED INTEREST IN LIFE, LIBERTY, OR PROPERTY UNDER THE DUE PROCESS CLAUSE OF THEFOURTEENTH AMENDMENT WHERE THE STATE PROCEEDED AGAINST HIM IN A HEARING WHICH WAS COMPROMISED BY ERRONEOUS, INACCURATE, OR MANIPULATED INFORMATION.
ASSIGNMENT OF ERROR SEVEN
THE STATE DID NOT PRODUCE SUFFICIENT EVIDENCE TO SUSTAIN THE DETERMINATION THAT THE APPELLANT IS A SEXUAL PREDATOR, WHERE THE STATE DID NOT PRODUCE ANY OTHER PROOF BUT THE APPELLANT'S PRIOR CRIMINAL CONVICTION, IN VIOLATION OF THE DUE PROCESS CLAUSE TO THEFOURTEENTH AMENDMENT.
ASSIGNMENT OF ERROR EIGHT
R.C. SECTIONS 2950.01 ET SEQ. IS UNCONSTITUTIONALLY VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE TO THE FOURTEENTH AMENDMENT. THE APPELLANT FULLY INCORPORATES BY REFERENCE THE EXHIBITS-THE UNREPORTED CITATIONS-ATTACHED TO THE ORIGINAL APPELLANT BRIEF FILED IN THIS CASES.
ASSIGNMENT OF ERROR NINE
THE APPLICATION OF R.C. SECTION 2950.01 ET SEQ. TO THE APPELLANT VIOLATES THE EQUAL PROTECTION CLAUSE TO THE FOURTEENTH AMENDMENT WHERE THERE IS NO RATIONAL BASIS FOR LABELING FIRST TIME CONVICTED OFFENDERS WHO WERE IMPRISONED AS OF THE ENACTMENT DATE OF HOUSE BILL 180, AS SEXUAL PREDATORS WHILE EXCLUDING THOSE FIRST TIME OFFENDERS WHO WERE OUT OF PRISON ON PAROLE OR WHO HAD ALREADY COMPLETED THEIR SENTENCES PRIOR TO JANUARY 1, 1997, FROM BEING LABELED A SEXUAL PREDATOR.
The record indicates appellant pled guilty to one count of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05 in Common Pleas Case No. CR92-6297 and three counts of gross sexual imposition in violation of R.C. 2907.05 in Common Pleas Case No. CR91-6263. Appellant is presently incarcerated in Ross Correctional Institution. I and V Appellant urges the application of R.C. Chapter 2950 violates the ex post facto clause of the United States Constitution, and the prohibition against retroactivity contained in the Ohio Constitution. In the recent case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held:
1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
2. R.C. 2950.09 (B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto clause of Section 10, Article I of the United States Constitution. Syllabus by the court.
On the authority of Cook, supra, the first and fifth assignments of error are overruled.
II, III and IV
In his second and third assignments of error, appellant challenges R.C. Chapter 2950 on double jeopardy grounds. In Cook, supra, the Ohio Supreme Court did not directly address the issues of double jeopardy. However, in the court's analysis of the registration and notification provisions for purposes of the ex post facto and retroactive review, the Supreme Court found the legislation was not punitive. Based upon the language in Cook, supra, this court has held R.C.2950 does not violate the double jeopardy clause of the Fifth Amendment, see e.g. State v. Albaugh (February 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported. In his fourth assignment of error, appellant urges the application of R.C. Chapter 2950 creates an unconstitutional bill of attainder. A bill of attainder imposes summary punishment for past conduct. Cook, supra, has held R.C. Chapter 2950 is not punitive. Appellant also argues R.C. Chapter 2950 is self-executing because failure to comply with the registration and notification requirements is punishable under R.C. 2950.99. Appellant argues the offense is a per se violation to which there is no defense. However, the language of R.C. 2950.99 simply does not support this assertion. Finally, a violation of R.C. 2950.04-.06 is a new offense, separate from the prior sexually oriented offense which caused the offender to be classified a sexual predator. Any punishment for a violation of R.C. 2950.04-.06 is not punishment for the offender's past conduct. The second, third and fourth assignments of error are overruled.
 VI
Appellant contends R.C. Chapter 2950 infringes on his liberty interest protected by the constitutional right to privacy. This right involves disclosure of personal matters. We note much of the information subject to the registration and notification requirements is already available to the public. In E.B. v. Verniero (C.A. 3 1997), 119 F.3d 1077, the Third Circuit Court of Appeals determined the process due to protect an offender's liberty interest requires a hearing before the statutory system is implemented. At the hearing, the State must bear the burden of persuasion, and meet the clear and convincing standard of proof, E.B., supra, at 1111. Assuming, arguendo, R.C. Chapter 2950 does impact upon a liberty interest, we find the legislature has provided for sufficient process due appellant to protect his liberty interest. Appellant's challenges to the evidence admitted is dealt with in VII, infra. The sixth assignment of error is overruled.
 VIII
In his eighth assignment of error, appellant urges R.C. Chapter 2950 is unconstitutionally vague. This court has already held the legislation is sufficiently definite to pass constitutional muster, see Albaugh, supra. The eighth assignment of error is overruled. IX In his ninth assignment of error, appellant urges R.C. Chapter 2950 violates the principles of equal protection because it creates a distinction between offenders who have completed their sentences as of July 1, 1997 and offenders still serving their sentences as of that date. Appellant urges there is no rational basis for this difference in classification. A statutory classification that involves neither a suspect class nor a fundamental right does not violate the equal protection clauses of the Ohio and United States Constitutions if the classification is rationally related to a legitimate governmental interest, Klepper v. Ohio Board of Regents (1991), 59 Ohio St.3d 131 at 133. Because R.C. Chapter 2950 does not involve a suspect class nor a fundamental right, appellant is correct in directing our attention to whether the provision is rationally related to a legitimate government interest. Appellant concedes the stated purpose of R.C. Chapter 2950 is to protect the safety and general welfare of the people of the state, by protecting members of the public from sexual predators and habitual sexual offenders. In State v. Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, this court addressed whether R.C. Chapter 2950 violates the principles of equal protection. In Bair, we found the sexual predator classification is not so arbitrary and invidious as to violate the equal protection and due process clauses. Appellant urges protecting the general public from sexual offenders is not rationally related to the distinction between offenders who are on parole or have served their sentences from those who have not. Either group arguably presents a similar threat to public safety. In Sperry Hutchison Company v. Rhodes (1911), 220 U.S. 502 at 505, the United States Supreme Court held a legislature may choose a date as the beginning point for legislation without violating the Fourteenth Amendment. The ninth assignment of error is overruled.
 VII
In his seventh assignment of error, appellant urges the court's decision is not sustained by the sufficiency and manifest weight of the evidence. Appellant correctly notes the court's standard is the "clear and convincing evidence" standard. Because in Cook, supra, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial, rather than punitive in nature, we must review this assignment of error under the standard of review enunciated in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279
: a judgment supported by some competent and credible evidence going to all the elements of the case is not against the manifest weight of the evidence. R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pled guilty to committing a sexually oriented offense, and who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09 sets forth the factors a court considers in determining whether the person should be classified as a sexual predator: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct. Appellant urges the only evidence the State produced was his prior criminal convictions. This may be inconsistent with his allegations in VI, supra. We have reviewed the record, and find no transcript of the proceedings was furnished to this court. On April 13, 1998, appellant filed a statement of the record pursuant to App. R. 9 (C), in which he represented the proceedings were audio taped and could not be fully transcribed because much of the tape was inaudible. It does not appear appellant complied with the requirements of App. R. 9 (C), and in any case, appellant's statement does not enlighten us as to precisely what occurred at the hearing. Thus, this court is unable to discern whether, in fact, the only information before the court was the record of appellant's conviction. Nevertheless, the record demonstrates appellant was convicted of multiple counts of sexually oriented offenses, and we conclude the trial court's judgment is supported by the weight and sufficiency of the evidence. The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur